John DERAY, Plaintiff–Appellant,

v.

OTIS ELEVATOR COMPANY, Ronald Koerbel, Dominic Accarpio, International Union of Elevator Constructors, and International Union of Elevator Constructors, Local 91, Defendants–Appellees,

Russ Larson, Jeff Hastings, Ernest Lowe, Defendants.

No. 04–6319.

United States Court of Appeals, Second Circuit.

Oct. 28, 2005.

J. William Gagne, Jr., Gagne & Associates, P.C., West Hartford, CT representing Defendant–Appellee International Union of Elevator Constructors, Local 91 (on submission), Keith R. Bolek, O'Donoghue & O'Donoghue LLP, Washington, D.C. representing Defendants–Appellees International Union of Elevator Constructors and Ronald Koerbel (on submission), Edward J. Dempsey, United Technologies Corp., Hartford, CT representing Defendant–Appellee Otis Elevator Company (on submission), for Appellees.

Present: JACOBS, CABRANES, and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant appeals from a judgment of the United States District Court for the District of Connecticut entered October 8, 2004, granting defendants' motion for summary judgment after finding plaintiff's complaint time-barred. We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

This Court reviews orders granting summary judgment *de novo*, asking whether the district court properly concluded that there was no genuine issue of material fact such that the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

On December 4, 2002, Plaintiff alleged a hybrid claim under § 301 of the Labor Management Relations Act and a duty of fair representation. The claim is governed by a six-month statute of limitations, which began running when plaintiff knew or should have known about the breach of a duty of fair representation. *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir.1997). The district court found that six days of this tolling period elapsed before plaintiff's union began considering his claim. According to the district court, while the running of the statute was tolled when the union considered plaintiff's claim, the clock resumed running when the union informed plaintiff that it would not pursue his grievance, *i.e.*, on May 23, 2002. We agree with the district court that the plaintiff cannot invoke equitable estoppel to toll further running of the statute. As a result, regardless of the district court's assessment of the initial six days, plaintiff's statute of limitations certainly expired by November 25, 2002, thereby rendering his December 4, 2002 complaint time-barred.

For the foregoing reasons, we AFFIRM the judgment of the district court.